Citation Nr: 1722260 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 16-24 604A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Does the Veteran meet the basic eligibility requirements for entitlement to Civilian Health and Medical Program of the Department of Veterans Affairs (CHAMPVA) benefits for his dependents. 


REPRESENTATION

Appellant represented by: Illinois Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Mary E. Rude, Associate Counsel





INTRODUCTION

The Veteran's military history was as follows: beleaguered status from December 8, 1941 to April 8, 1942, missing status on April 9, 1942, prisoner of war from April 10, 1942 to December 23, 1942, no casualty status from December 24, 1942 to August 15, 1945, absent without leave from August 16 1945 to September 18, 1945, and recognized guerrilla service from September 19, 1945 to September 26, 1945. The appellant did serve in the United States Armed Forces in the Far East (USAFFE).

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2012 letter by the Department of Veterans Affairs (VA) Health Administration Center in Denver, Colorado.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

At no time did the Veteran perform verified service in the United States Army, Navy, Marine Corps, Air Force, or Coast Guard, or their Reserve components.


CONCLUSION OF LAW

As a matter of law the criteria for eligibility for CHAMPVA benefits for the Veteran's dependents have not been met. 38 U.S.C.A. §§ 101, 107, 1781 (West 2014); 38 C.F.R. §§ 3.40, 3.41, 17.270, 17.271 (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Veteran contends that he is eligible for CHAMPVA benefits for his dependents because he has served in wartime with the USAFFE in the Philippines. He has submitted written statements describing how he believes that it is unfair that his wife was initially granted medical care through CHAMPVA, but was later informed that the benefit had been assigned erroneously and that her medical care with VA would be discontinued.

Under 38 U.S.C.A. § 1781, VA is authorized to provide medical care through CHAMPVA in the same or similar manner, and subject to the same or similar limitations, as medical care furnished to certain dependents and survivors of active duty and retired members of the Armed Forces. The CHAMPVA program is designed to accomplish this purpose. Under CHAMPVA, VA shares the cost of medically necessary services and supplies for eligible beneficiaries. 38 C.F.R. § 17.270.

Under CHAMPVA, VA is authorized to provide medical care for the spouse or child of a veteran who has a permanent and total service-connected disability. 38 U.S.C.A. § 1781; 38 C.F.R. § 17.271(a). While the Veteran has been assigned a combined 100 percent rating for his service-connected disabilities his service was not of the type that provides a basis for eligibility to benefits under 38 U.S.C.A. § 1781.

The Veteran had service in the Philippines during the Second World War. A December 1989 DARP Form 632 was issued by the U.S. Army Reserve Personnel Center which verified the Veteran's periods of service, including his prisoner of war status from April 10, 1942 to December 23, 1942, while he was a member of the USAFFE. The Board acknowledges that the Veteran served with the USAFFE and that he was a prisoner of war. These facts, however, do not allow provide for any eligibility to CHAMPVA benefits.

The term "veteran" is defined as a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C.A. § 101(2). 

Persons with service in the Philippine Commonwealth Army, USAFFE, including the recognized guerrillas, or service with the New Philippine Scouts under Public Law 190, 79th Congress, shall not be deemed to have been in active military service with the Armed Forces of the United States for any privileges or benefits except for the following: a) National Service Life Insurance contracts entered into prior to 1946; b) Chapter 10 of Title 37 (Payments to Missing Persons); and c) Chapters 11 (Compensation for Service-Connected Disability or Death), 13 (except 1312(a)) (Dependency and Indemnity Compensation for Service-Connected Deaths), 23 (Burial Benefits), and 24 (National Cemeteries and Memorials) of Title 38. 38 U.S.C.A. § 107; 38 C.F.R. § 3.40.

The Veteran has taken issue with the RO's earlier characterization of his service as only "Commonwealth Army" service, and argues that he had service with USAFFE, including with the 51st Signal Company, 51st Division. The Veteran's argument is consistent with the military documents of record, which show such verified service. The Veteran's service in the Philippine Army and USAFFE is recognized service for VA compensation benefits and he is being compensated for his service connected disorders. The Veteran's service in the Philippine Army cannot, however, as a matter of law be recognized for CHAMPVA benefits for his dependents because such service did not fall within the scope of any authorized exception under 38 U.S.C.A. § 107(a). 

In cases for VA benefits where a requisite type of veteran status is at issue, the relevant question is whether qualifying service is shown under Title 38 of the United States Code and the regulations promulgated pursuant thereto. Here, the Veteran's records do not show service with the United States Armed Forces other than service in the Philippines-based services enumerated in 38 U.S.C.A. § 107(a). In the absence of such service, eligibility to CHAMPVA benefits for the Veteran's dependents cannot be granted. See 38 C.F.R. § 3.203(c) (2016); Duro v. Derwinski (Where service department certification is required, the service department's decision on such matters is conclusive and binding on the VA.). There is no other evidence of record to contradict the service department's determination with respect to the service of the appellant, and eligibility is not established. 

In reaching this decision the Board acknowledges that 38 U.S.C.A. § 1734 (West 2014) provides that VA shall furnish hospital and nursing home care and medical services for any individual who is a Commonwealth Army Veteran or new Philippine Scout and who resides in the United States and is a citizen of the United States or an alien lawfully admitted for permanent residence. 

Although 38 U.S.C.A. § 1734 might potentially have allowed for the Veteran's receipt of CHAMPVA benefits, that provision does not by its terms extend to his dependents, including his spouse. The nature of his service consequently serves as a bar to his spouse's eligibility to CHAMPVA by virtue of 38 U.S.C.A. § 107 (a). Consequently, entitlement to CHAMPVA benefits for his spouse is denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426 (1994).

While the Board acknowledges the Veteran's wartime service the undersigned is bound by the law and regulations governing eligibility for CHAMPVA benefits. Perhaps the law governing entitlement to CHAMPVA benefits should be changed. The fact, however, "that Congress might have acted with greater clarity or foresight does not give (the Board) carte blanche to redraft statutes in an effort to achieve that which Congress is perceived to have failed to do." United States v. Locke, 471 U.S. 84, 95 (1985). 

The appeal is denied.



ORDER

Entitlement to eligibility for CHAMPVA benefits for the Veteran's dependents is denied.




____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs